IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL WAYNE COOPER,
      Petitioner,

vs.                              Case No.:  3:12cv457/LAC/EMT

SEC'Y, FLA. DEP'T OF CORR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 13).  The court directed Petitioner to file a response to the motion to dismiss (*see* docs. 14, 17), but he has not done so.

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 13).[1] Petitioner was originally charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2007-CF-1002, with one count of armed kidnapping with a weapon (Count 1) and one count of sexual

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 13), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

battery with a deadly weapon or force likely to cause serious personal injury (Count 2) (Ex. A at 18). By amended information filed May 27, 2009, he was charged with one count of armed kidnapping with a weapon (Count 1) and two counts of sexual battery with a deadly weapon or force likely to cause serious personal injury (Counts 2 and 3) (*id.* at 53). Following a jury trial (Exs. D, E, G, H), he was convicted of both sexual battery offenses as charged in Counts 2 and 3, and the lesser included offense of false imprisonment as to Count 1 (Ex. A at 63–64). At the conclusion of trial, the court sentenced Petitioner to five (5) years of imprisonment on Count 1, with pre-sentence jail credit of 691 days, life imprisonment on Count 2, to run concurrently with the sentence on Count 1, and life imprisonment on Count 3, to run consecutively to the life sentence on Count 2 (Ex. A at 66–72, Ex. H at 537–44).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-3294 (Ex. I). The First DCA affirmed the judgment per curiam without written opinion on May 10, 2010 (Ex. L). Cooper v. State, 37 So. 3d 851 (Fla. 1st DCA 2010) (Table). The First DCA denied Petitioner's motion for rehearing on June 23, 2010, and the mandate issued July 9, 2010 (Exs. M, N).

On July 29, 2011, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. O at 1–16). The state circuit court denied the motion in an order rendered August 24, 2011 (*id.* at 17–20). Petitioner appealed the decision to the First DCA, Case No. 1D11-4802 (*see* Ex. P). The First DCA affirmed the decision per curiam without written opinion on February 8, 2012, with the mandate issuing March 6, 2012 (Exs. P, Q). Cooper v. State, 79 So. 3d 23 (Fla. 1st DCA 2012) (Table).

On April 25, 2012, Petitioner filed a motion for extension of time in the First DCA seeking an extension of time for filing a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Ex. R). The First DCA assigned Case No. 1D12-2308, and denied Petitioner's motion on May 8, 2012 (Ex. S). On July 6, 2012, Petitioner filed a habeas petition in the First DCA, Case No. 1D12-2308, alleging ineffective assistance of appellate counsel (Ex. T). The First DCA denied the petition on August 2, 2012 (Ex. U). Cooper v. State, 94 So. 3d 584 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant § 2254 petition on September 20, 2012 (doc. 1 at 15). He asserts the following grounds for relief:

Ground One: "Denied fair trial in violation of 6th and 14th Amendments, contrary to Supreme Court decisions. Trial court admitted into evidence, over objections, of [sic] collateral crime evidence that had no probable [sic] value and was prejudicial. State witness(es) testified about prior ancient sexual battery offenses not related to present case facts."

Ground Two: "Denial of a fair trial, contrary to 6th and 14th Amendments and Supreme Court decisions. State prosecutor inflamed juror by stating 'inner demons' had overcomed [sic] defendant and caused the offenses. Such impermissible argument invaded province of jurors in determining guilt or innocence."

Ground Three: "Denied effective assistance of trial counsel in violation of 6th and 14th Amendments and Supreme Court decisional law. Counsel failed to object to the admittance [sic] of a written statement supposedly made by the defendant that was not properly admitted into evidence by trial court. Counsel failed to impeach victim with inconsistent statements made at recorded statement to law enforcement officers. Counsel failed to object to the state's improper remarks during closing arguments; in which the state placed themselves in the role of expert witness and gave opinion testimony regarding the effects of alcohol and the sobering effects of having a knife place [sic] under your chin."

Ground Four: "Denied effective appellate counsel in violation of 6th and 14th Amendments, contrary to Supreme Court decision. Appellate counsel failed to brief and argue issues cognizable with substantial merits, viz: (1) detective's violation of "Massiah-Wade Rule" by contacting defendant to elicit incriminating statements, knowing arrest warrant had already been issued; (2) admition [sic] of detective's statement of conversations with defendant and failure of court to grant mistrial; (3) an improper readback [sic] jury instruction deprived defendant of a fair trial."

(doc. 1 at 4–10).[2]

## II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Case No.:  3:12cv457/LAC/EMT

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 13 at 2–3). Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B), (C) or (D) apply. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on September 22, 2010, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[3] The statute of limitations began to run on September 23, 2010, the day after the 90-day period expired. *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until September 23, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run)

---

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on September 22, 2010.

(citing <u>Ferreira</u>, 494 F.3d at 1289 n.1).  Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Starting on September 23, 2010, the federal limitations period ran for **309 days** until Petitioner filed a Rule 3.850 motion on July 29, 2011.  The Rule 3.850 motion tolled the limitations period until March 6, 2012, the date of the First DCA's mandate affirming the lower court's decision denying the motion.  *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of postconviction application, application remains pending until issuance of the mandate by the appellate court).

Assuming arguendo and to Petitioner's benefit that his motion for extension of time to file a state habeas petition was a tolling motion, the federal limitations period ran for **49 days** until April 25, 2012, the date Petitioner filed that motion.  The First DCA denied the motion on May 8, 2012, so the federal clock re-started on May 9, 2012.  The clock then ran for **58 days** until Petitioner filed his state habeas petition on July 6, 2012.  The petition tolled the limitations period until August 2, 2012, when the First DCA denied it.  By the time Petitioner filed his federal habeas petition **48 days** later, on September 20, 2012, the federal limitations had expired (**309 + 49 + 58 + 48 = 464 days**).  Petitioner's federal habeas petition was thus untimely.

Petitioner does not assert any grounds for equitable tolling of the limitations period; nor does he argue he is entitled to review of his claims through any recognized exception to the time bar.  Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 13) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of October 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**